## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SARAH McDAVID, EMILY BROWN, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>) | |
| Plaintiffs, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| GAF BUILDING MATERIALS CORPORATION )<br>)<br>d/b/a GAF | |
| Defendant. | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Plaintiffs bring this class action against Defendant, GAF Building Materials Corporation, d/b/a GAF ("Defendant"). Defendant operates a roofing shingle and asphalt material manufacturing facility (the "facility" or "Defendant's facility), which releases noxious odors into Plaintiffs' property causing damages through negligence, gross negligence and nuisance.

## PARTIES

2. At all times relevant hereto, Plaintiff Sarah McDavid has resided, and intends to remain, at 20 Audubon Place, which is located at in the City of Mobile, County of Mobile, State of Alabama.

3. At all times relevant hereto, Plaintiff Emily Brown has resided, and intends to remain, at 16 Elizabeth Place, which is located at in the City of Mobile, County of Mobile, State of Alabama.

1

4. Defendant is a Delaware Corporation. Defendant's principal place of business is located in New Jersey where it directs, coordinates, and controls its corporate activities.

5. Defendant, through its agents and predecessors constructed, operates and/or maintains the roofing facility located at 2400 Emogene Street, City of Mobile, County of Mobile, State of Alabama.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs. Additionally, Class Members are citizens of a state different from the corporate citizenship of the Defendant and diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

7. Defendant's roofing shingle and asphalt material manufacturing facility is located in the midtown area of Mobile surrounded by a residential community.

8. The large industrial facility has many elements including, but not limited to the following: at least two boilers, three silo mineral fillers, two roofing lines, a 25,000 gallon asphalt storage tank, a 55,000 gallon asphalt storage tank, and another 200,000 gallon asphalt storage tank.

9. Neither of the facility's roofing lines are incorporated with baghouses to reduce emissions and only the smallest asphalt storage tank (the 25,000 gallon tank) is equipped with a

thermal oxidizer.

10. Due to Defendant's emissions, Plaintiffs' property has been, and continues to be, physically invaded by noxious odors.

11. The noxious odors which enter Plaintiffs' properties originates from Defendant's facility, which is located at 2400 Emogene Street, City of Mobile, County of Mobile, State of Alabama.

12. In fact, Defendant's facility has a well documented history of failing to control its odorous emissions, including but not limited to the following:

   a. Recently, numerous complaints have been filed with the Alabama Department of Environmental Management ("ADEM") by residents of the adjacent neighborhood community due to noxious odors attributed to Defendant's facility. Many of these odors were specifically described as "roofing tar" odors; and

   b. In October, 2015 he ADEM performed a week-long odor survey on Defendant's facility, which confirmed the presence of off-site odors attributed to Defendant's facility.

   c. In March, 2017 and in response to Defendant's odors the City of Mobile Council Vice President, Frederick D. Richardson, wrote a letter to the ADEM director, Lance LeFleur requesting that an Air Quality Study be performed in the surrounding community. The ADEM failed to act and instead wrote a letter back to Vice President Richardson stating, in part, that

   > "[GAF's manufacturing] process generates emissions which have the potential to create additional offensive odors", but that

   > "ADEM's rules do not regulate odor."

13. Defendant's operations, and specifically its emissions, have been the subject of frequent complaints from residents in the adjacent residential area. As a result, approximately 110 households have contacted Plaintiffs' counsel documenting the odors they attribute to Defendant's facility.

14. The Defendant has failed to install and maintain adequate technology to properly

control its emissions of noxious odors. Such failures include, but are not limited to the following: (1) odor abatement equipment to control emissions in the stack of the "tar making" process; (2) filtration and/or oxidation equipment to regulate emissions from the facility asphalt storage tanks; and (3) the facility's failure to equip its roofing lines with baghouses.

## CLASS ALLEGATIONS

15.     Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**A.     Definition of the Class**

16.     Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **Any and all individuals who owned or occupied residential property at any time beginning in 2015 to present that are located within one (1) mile of the property line boundary of Defendant's facility.**

The definitional boundary is subject to modification as discovery will disclose the location of all class-members. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

**B.     Numerosity**

17.     The members of the Class are so numerous that joinder of all parties is clearly impracticable. To date, approximately 110 households have already contacted Plaintiffs' counsel to document their experiences with odors they attribute to Defendant's facility. Further, it is Plaintiffs' Counsel's information and belief that there are thousands of households within Plaintiff's proposed class.

**C.     Commonality**

18.   Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

   a. whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the facility;

   b. whether Defendant owed any duties to Plaintiffs;

   c. which duties Defendant owed to Plaintiffs;

   d. which steps Defendant has and has not taken in order to control its emissions through the construction, maintenance and operation of its facility;

   e. whether and to what extent the facility's emissions were dispersed over the class area;

   f. whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and operate the facility would result in an invasion of Plaintiffs' property interests;

   g. whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

   h. the proper measure of damages incurred by Plaintiffs and the Class.

### D.   Typicality

19.   Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class.  If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

20. The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, maintain and operate the facility.

21. All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted from Defendant's facility, causing damage in the form of losses to property values.

**E.     Adequacy of Representation**

22. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

23. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.     Class Treatment Is the Superior Method of Adjudication**

24. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

    a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

    b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

## CAUSE OF ACTION I

### COMMON LAW AND STATUTORY NUISANCE

24. Plaintiffs restate allegations 1 through 23 of this Complaint as if fully rewritten herein.

25. The noxious odors, which entered Plaintiffs' property originated from the facility constructed, maintained and operated by Defendant.

26. The noxious odors invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

27. Defendant owed, and continues to owe, a duty to Plaintiffs to prevent and abate the interference with the invasion of the private interests of the Plaintiffs.

28. By constructing and then failing to reasonably repair and/or maintain its facility, Defendant has intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest in the use and enjoyment of their property.

29. Defendant knew or should have known that its behavior would damage and interfere with Plaintiffs' free enjoyment of their property.

30. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their property as alleged herein.

31. Plaintiffs suffer harm relating to the use and enjoyment of their land and property, and decreased property values.

32.  Plaintiffs did not consent to the invasion of their property by noxious odors.

33.  By causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

34.  Whatever social utility Defendant's facility provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

35.  The damage Defendant caused to Plaintiffs' properties was injurious to health, indecent or offensive to the senses, an obstruction to the free use of property, and interfered with the comfortable enjoyment of life or property, constituting a nuisance.

36.  Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSES OF ACTION II AND III

### NEGLIGENCE AND GROSS NEGLIGENCE

37.  Plaintiffs restate allegations 1 through 36 of this Complaint as if fully rewritten herein.

38. Defendant negligently and improperly constructed and/or maintained and/or operated the facility such that it has caused the invasion of noxious odors onto Plaintiffs' homes, land, and property on occasions too numerous to mention.

39. As a direct and proximate result of Defendant's negligence and gross negligence in constructing and/or maintaining and/or operating the facility, Plaintiffs' property, on occasions too numerous to mention, has been invaded by noxious odors.

40. As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

41. The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

42. By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so noxious odors would not invade Plaintiffs' property.

43. A properly constructed, operated, and maintained facility will not emit noxious odors into neighboring residential areas.

44. By failing to construct, maintain and operate its facility, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors.

45. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

46. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

47. The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

48. Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendant;

D. Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. Injunctive relief not inconsistent with Defendant's Federal and State issued Air Permits;

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted a nuisance; and

G.    Such further relief as justice requires.

Dated: May 29, 2018.

                                   Respectfully Submitted:

**BURNS, CUNNINGHAM, & MACKEY, P.C.**

*/s/ Peter S. Mackey*
Peter S. Mackey
50 St. Emanuel St.
Mobile, AL 36602
(251) 432-0612
PSMackey@bcmlawyers.com

*- and -*

**LIDDLE & DUBIN, P.C.**

*/s/ Laura L. Sheets*
Laura L. Sheets
Brandon T. Brown
*Pro Hac Vice Applications to be Submitted*
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile (313) 392-0025
lsheets@ldclassaction.com
bbrown@ldclassaction.com

*Attorneys for Plaintiffs*

**DEFENDANT TO BE SERVED AS FOLLOWS:**

**GAF Building Materials Corporation**
**Prentice Hall Corp. System, Registered Agent**
**57 Adams Ave.**
**Montgomery, AL  36104**