IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SARAH McDAVID, EMILY BROWN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>GAF BUILDING MATERIALS CORPORATION d/b/a GAF<br><br>    Defendant | Case No.  1:18-cv-00245-B |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Building Materials Corporation ("GAF"), by and through its undersigned counsel, hereby responds to the Class Action Complaint ("Complaint") filed by Plaintiffs Sarah McDavid and Emily Brown (collectively, "Plaintiffs") as follows.

### INTRODUCTION

1. Plaintiffs bring this class action against Defendant, GAF Building Materials Corporation, d/b/a GAF ("Defendant"). Defendant operates a roofing shingle and asphalt material manufacturing facility (the "facility" or "Defendant's facility), which releases noxious odors into Plaintiffs' property causing damages through negligence, gross negligence and nuisance.

**ANSWER:** GAF admits that it operates a facility that produces asphalt roofing shingles in Mobile, Alabama.  GAF denies the remaining allegations in this paragraph.

### PARTIES

2. At all times relevant hereto, Plaintiff Sarah McDavid has resided, and intends to remain, at 20 Audubon Place, which is located at in the City of Mobile, County of Mobile, State of Alabama.

{M0276394.1}

**ANSWER:** GAF lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

3. At all times relevant hereto, Plaintiff Emily Brown has resided, and intends to remain, at16 Elizabeth Place, which is located at in the City of Mobile, County of Mobile, State of Alabama.

**ANSWER:** GAF lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

4. Defendant is a Delaware Corporation. Defendant's principal place of business is located in New Jersey where it directs, coordinates, and controls its corporate activities.

**ANSWER:** GAF admits the allegations in this paragraph.

5. Defendant, through its agents and predecessors constructed, operates and/or maintains the roofing facility located at 2400 Emogene Street, City of Mobile, County of Mobile, State of Alabama.

**ANSWER:** GAF admits that it operates a facility that produces asphalt roofing shingles located at 2400 Emogene Street, City of Mobile, County of Mobile, State of Alabama (the "Facility"). GAF denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs. Additionally, Class Members are citizens of a state different from the corporate citizenship of the Defendant and diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

**ANSWER:** This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, GAF denies the factual allegations in this paragraph.

## GENERAL ALLEGATIONS

7. Defendant's roofing shingle and asphalt material manufacturing facility is located in the midtown area of Mobile surrounded by a residential community.

**ANSWER:** GAF admits that the Facility is located in Mobile, Alabama. GAF denies any remaining allegations in this paragraph.

8. The large industrial facility has many elements including, but not limited to the following: at least two boilers, three silo mineral fillers, two roofing lines, a 25,000 gallon asphalt storage tank, a 55,000 gallon asphalt storage tank, and another 200,000 gallon asphalt storage tank.

**ANSWER:** GAF admits that the Facility contains two boilers, three storage silos, two roofing lines, a 25,000-gallon asphalt storage tank, a 55,000-gallon asphalt storage tank, and a 200,000-gallon asphalt storage tank. GAF denies the remaining allegations in this paragraph.

9. Neither of the facility's roofing lines are incorporated with baghouses to reduce emissions and only the smallest asphalt storage tank (the 25,000 gallon tank) is equipped with a thermal oxidizer.

**ANSWER:** GAF admits that the Facility's 25,000-gallon asphalt storage tank is equipped with a thermal oxidizer. GAF denies the remaining allegations in this paragraph.

10. Due to Defendant's emissions, Plaintiffs' property has been, and continues to be, physically invaded by noxious odors.

**ANSWER:** GAF denies the allegations in this paragraph.

11. The noxious odors which enter Plaintiffs' properties originates from Defendant's facility, which is located at 2400 Emogene Street, City of Mobile, County of Mobile, State of Alabama.

**ANSWER:** GAF denies the allegations in this paragraph.

12. In fact, Defendant's facility has a well documented history of failing to control its odorous emissions, including but not limited to the following:

   a. Recently, numerous complaints have been filed with the Alabama Department of Environmental Management ("ADEM") by residents of the adjacent neighborhood community due to noxious odors attributed to Defendant's facility. Many of these odors were specifically described as "roofing tar" odors; and

{M0276394.1}

    b.     In October, 2015 he ADEM performed a week-long odor survey on Defendant's facility, which confirmed the presence of off-site odors attributed to Defendant's facility.

    c.     In March, 2017 and in response to Defendant's odors the City of Mobile Council Vice President, Frederick D. Richardson, wrote a letter to the ADEM director, Lance LeFleur requesting that an Air Quality Study be performed in the surrounding community. The ADEM failed to act and instead wrote a letter back to Vice President Richardson stating, in part, that

> "[GAF's manufacturing] process generates emissions which have the potential to create additional offensive odors", but that
>
> "ADEM's rules do not regulate odor."

**ANSWER:** GAF lacks sufficient information or knowledge to admit or deny the allegations in subpart (a) of this paragraph. GAF admits that ADEM performed a week-long survey of the area around the Facility in October of 2015, but denies that such survey confirmed the presence of off-site odors attributed to the Facility. GAF admits that, in March of 2017, City of Mobile Council Vice President Frederick D. Richardson wrote a letter to the ADEM director, Lance LeFleur, regarding air quality issues near the Facility. GAF admits that subpart (c) of this paragraph contains accurate but selective quotations from Mr. LeFleur's March 28, 2017 letter to Mr. Richardson, but denies that Plaintiffs accurately characterize that letter, to which GAF refers the Court for its full and accurate contents. GAF denies the remaining allegations in this paragraph.

    13.    Defendant's operations, and specifically its emissions, have been the subject of frequent complaints from residents in the adjacent residential area. As a result, approximately 110 households have contacted Plaintiffs' counsel documenting the odors they attribute to Defendant's facility.

**ANSWER:** GAF lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

    14.    The Defendant has failed to install and maintain adequate technology to properly control its emissions of noxious odors. Such failures include, but are not limited to the following: (1) odor abatement equipment to control emissions in the stack of the "tar making"

process; (2) filtration and/or oxidation equipment to regulate emissions from the facility asphalt storage tanks; and (3) the facility's failure to equip its roofing lines with baghouses.

**ANSWER:** GAF denies the allegations in this paragraph.

## CLASS ALLEGATIONS

15. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** GAF admits that Plaintiffs purport to bring this action individually and on behalf of a putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure. GAF denies that Plaintiffs allege claims suitable for class adjudication pursuant to Rule 23, and denies any remaining allegations in this paragraph.

**A.   Definition of the Class**

16. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **Any and all individuals who owned or occupied residential property at any time beginning in 2015 to present that are located within one (1) mile of the property line boundary of Defendant's facility.**

The definitional boundary is subject to modification as discovery will disclose the location of all class-members. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

**ANSWER:** GAF admits that Plaintiffs seek to represent a putative class as defined in this paragraph. GAF denies that Plaintiffs allege claims suitable for class adjudication pursuant to Rule 23, and denies any remaining allegations in this paragraph.

**B.   Numerosity**

17. The members of the Class are so numerous that joinder of all parties is clearly impracticable. To date, approximately 110 households have already contacted Plaintiffs' counsel to document their experiences with odors they attribute to Defendant's facility. Further, it is Plaintiffs' Counsel's information and belief that there are thousands of households within Plaintiff's proposed class.

**ANSWER:** GAF lacks sufficient information or knowledge to admit or deny the allegations in the second and third sentences of this paragraph. GAF denies the remaining allegations in this paragraph.

**C.   Commonality**

18.   Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

  a.   whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the facility;

  b.   whether Defendant owed any duties to Plaintiffs;

  c.   which duties Defendant owed to Plaintiffs;

  d.   which steps Defendant has and has not taken in order to control its emissions through the construction, maintenance and operation of its facility;

  e.   whether and to what extent the facility's emissions were dispersed over the class area;

  f.   whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and operate the facility would result in an invasion of Plaintiffs' property interests;

  g.   whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

  h.   the proper measure of damages incurred by Plaintiffs and the Class.

**ANSWER:**   GAF denies the allegations in this paragraph.

**D.   Typicality**

19.   Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

**ANSWER:**   GAF denies the allegations in this paragraph.

20.   The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, maintain and operate the facility.

**ANSWER:**   GAF denies the allegations in this paragraph.

{M0276394.1}

21. All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted from Defendant's facility, causing damage in the form of losses to property values.

**ANSWER:** GAF denies the allegations in this paragraph.

### E. Adequacy of Representation

22. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

**ANSWER:** GAF denies the allegations in this paragraph.

23. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**ANSWER:** GAF lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

### F. Class Treatment Is the Superior Method of Adjudication

24. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

**ANSWER:** GAF denies the allegations in this paragraph.

## CAUSE OF ACTION I

## COMMON LAW AND STATUTORY NUISANCE

24. Plaintiffs restate allegations 1 through 23 of this Complaint as if fully rewritten herein.

**ANSWER:** GAF restates and incorporates by reference its answers to paragraphs 1 through 24[1] above as if fully set forth herein.

25. The noxious odors, which entered Plaintiffs' property originated from the facility constructed, maintained and operated by Defendant.

**ANSWER:** GAF denies the allegations in this paragraph.

26. The noxious odors invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

**ANSWER:** GAF denies the allegations in this paragraph.

27. Defendant owed, and continues to owe, a duty to Plaintiffs to prevent and abate the interference with the invasion of the private interests of the Plaintiffs.

**ANSWER:** GAF denies the allegations in this paragraph.

28. By constructing and then failing to reasonably repair and/or maintain its facility, Defendant has intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest in the use and enjoyment of their property.

**ANSWER:** GAF denies the allegations in this paragraph.

29. Defendant knew or should have known that its behavior would damage and interfere with Plaintiffs' free enjoyment of their property.

**ANSWER:** GAF denies the allegations in this paragraph.

30. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their property as alleged herein.

**ANSWER:** GAF denies the allegations in this paragraph.

31. Plaintiffs suffer harm relating to the use and enjoyment of their land and property, and decreased property values.

**ANSWER:** GAF denies the allegations in this paragraph.

32. Plaintiffs did not consent to the invasion of their property by noxious odors.

**ANSWER:** GAF denies the allegations in this paragraph.

---

[1] Plaintiffs' Complaint erroneously contains two paragraphs numbered 24. For consistency, GAF has preserved Plaintiffs' numbering in its answer.

33. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

**ANSWER:** GAF denies the allegations in this paragraph.

34. Whatever social utility Defendant's facility provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

**ANSWER:** GAF denies the allegations in this paragraph.

35. The damage Defendant caused to Plaintiffs' properties was injurious to health, indecent or offensive to the senses, an obstruction to the free use of property, and interfered with the comfortable enjoyment of life or property, constituting a nuisance.

**ANSWER:** GAF denies the allegations in this paragraph.

36. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

**ANSWER:** GAF denies the allegations in this paragraph.

## CAUSES OF ACTION II AND III

## NEGLIGENCE AND GROSS NEGLIGENCE

37. Plaintiffs restate allegations 1 through 36 of this Complaint as if fully rewritten herein.

**ANSWER:** GAF restates and incorporates by reference its answers to paragraphs 1 through 36 above as if fully set forth herein.

38. Defendant negligently and improperly constructed and/or maintained and/or operated the facility such that it has caused the invasion of noxious odors onto Plaintiffs' homes, land, and property on occasions too numerous to mention.

**ANSWER:** GAF denies the allegations in this paragraph.

39. As a direct and proximate result of Defendant's negligence and gross negligence in constructing and/or maintaining and/or operating the facility, Plaintiffs' property, on occasions too numerous to mention, has been invaded by noxious odors.

**ANSWER:** GAF denies the allegations in this paragraph.

40. As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

**ANSWER:** GAF denies the allegations in this paragraph.

41. The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

**ANSWER:** GAF denies the allegations in this paragraph.

42. By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so noxious odors would not invade Plaintiffs' property.

**ANSWER:** GAF denies the allegations in this paragraph.

43. A properly constructed, operated, and maintained facility will not emit noxious odors into neighboring residential areas.

**ANSWER:** GAF denies the allegations in this paragraph.

44. By failing to construct, maintain and operate its facility, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors.

**ANSWER:** GAF denies the allegations in this paragraph.

45. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

**ANSWER:** GAF denies the allegations in this paragraph.

46. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

**ANSWER:** GAF denies the allegations in this paragraph.

47. The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

**ANSWER:** GAF denies the allegations in this paragraph.

48. Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

**ANSWER:** GAF denies the allegations in this paragraph.

## PRAYER FOR RELIEF

GAF denies that Plaintiffs are entitled to any of the relief sought in the Complaint.

\*\*\*

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegations in the Complaint and without assuming any burden of proof not imposed by law, GAF asserts the following affirmative defenses to the Complaint and the claims for relief stated therein:

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

2. Plaintiffs' claims are barred, in whole or in part, because they have no private right of action to abate or seek recovery on the basis of a public nuisance.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence. Among other things, Plaintiffs knowingly stood by without complaint or objection to the harm allegedly caused as asserted in the Complaint.

4. Plaintiffs' claims are barred, in whole or in part, pursuant to Ala. Code § 6-5-127(a) because the Facility is a manufacturing or industrial plant that has been in operation for more than one year during which it has not been found by a court of competent jurisdiction to be a nuisance.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of nuisance by prescription. To the extent Plaintiffs establish a nuisance arising from GAF's activities at issue in the Complaint, those activities were open, adverse, continuous, and of like kind and degree for a period of ten years with Plaintiffs' knowledge and/or acquiescence.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches. Among other things, Plaintiffs unreasonably delayed in asserting the claims alleged in the Complaint and are therefore barred from seeking their requested relief.

7. Plaintiffs' claims are barred, in whole or in part, because any alleged harm or damages incurred by Plaintiffs were caused by the acts or omissions of persons or entities other than GAF, and those acts or omissions constitute an intervening or superseding cause. For instance, other facilities and sources in the general area at issue caused or contributed to the odors alleged in the Complaint.

8. Plaintiffs' claims are barred, in whole or in part, because their claims, including claims for injunctive relief, are moot. Operations at the Facility will permanently cease in or around August of 2019. (*See* ECF No. 36.)

9. Plaintiffs' claims are barred, in whole or in part, by the doctrines of assumption of the risk and/or coming to the nuisance. Plaintiffs were aware of the alleged nuisance before purchasing, renting, or otherwise moving onto the property affected by the alleged nuisance.

10. To the extent GAF's activities that allegedly caused or contributed to the alleged nuisance are regulated by local, state, or federal law, Plaintiffs' claims are barred because GAF has fully complied with all laws and regulations applicable to the activities at issue.

11. Plaintiffs lack standing because they have not suffered any injury in fact.

12. Plaintiffs' claims are barred, in whole or in part, under the doctrine of set-off. The Facility and GAF's activities in Mobile, Alabama have added value to the community and positively impacted the value of Plaintiffs' property, which must be considered and set-off against any alleged damages. Further, to the extent Plaintiffs leased or purchased their properties for reduced prices because of allegedly offensive odors caused by the Facility, any damages must be set-off by those amounts.

13. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

14. Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' own actions, omissions, or negligence.

15. Plaintiffs' claims are barred, in whole or in part, because GAF's alleged acts or omissions were not committed willfully, knowingly, or recklessly.

16. To the extent Plaintiffs suffered any damages, those damages were caused, in whole or in part, by the acts or omissions of persons or entities other than GAF, and any recovery from GAF should be reduced in proportion to the degree of fault attributed to those other persons or entities.

17. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

18. Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages.

Dated:  March 1, 2019

                                            Respectfully Submitted:

*/s/ Jarrod J. White*
Jarrod J. White
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
63 South Royal Street
Suite 700
Mobile, AL 36602
Phone:  (251) 415-7310
Fax:  (251) 415-7350
Email:  jjw@cabaniss.com


Michael Dockterman (*pro hac vice*)
Cal R. Burton (*pro hac vice*)
Libretta P. Stennes (*pro hac vice*)
Jeffrey W. Sanford (*pro hac vice*)
Steptoe & Johnson LLP
115 S. LaSalle, Suite 3100
Chicago, Illinois 60603
Phone:  (312) 577-1300
Fax:  (312) 577-1370
Email:  mdockterman@steptoe.com
Email:  cburnton@steptoe.com
Email:  lstennes@steptoe.com
Email:  jsanford@steptoe.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/     *Jarrod J. White*